**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SECRETARY OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,

                Plaintiff,

-vs-                                  Case No. 6:09-cv-629-Orl-18GJK

SECURITY ENFORCEMENT, WORKERS
UNION LOCAL 1,

                Defendant.
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF A DEFAULT JUDGMENT** (Doc. No. 9) |
| **FILED:** | **June 11, 2009** |

    **THEREON** it is **RECOMMENDED** that the **MOTION** be **GRANTED**.

**I.    BACKGROUND**

    On April 10, 2009, Plaintiff Secretary of Labor, United States Department of Labor ("Plaintiff"), filed a Complaint ("Complaint") for relief under Title II of the Labor-Management and Reporting and Disclosure Act, 29 U.S.C. § 431, *et seq.*, ("the Act") against Security Enforcement Workers Union Local 1 ("Defendant"). Doc. No. 1. The Complaint alleges that Defendant has failed and refused to file its mandatory annual financial report under the Act since

2003. *Id.* Plaintiff seeks judgment: 1) finding the Defendant in violation of the reporting requirements under the Act; 2) directing the Defendant to file an adequate Labor Organization Annual Report for fiscal years 2003 to the present; 3) permanently enjoining the Defendant from further violating the Act; and 4) awarding costs incurred regarding this action. *Id.* On May 6, 2009, Plaintiff filed a Proof of Service stating that on April 23, 2009, Plaintiff, through the United States Marshal, personally served the Defendant with a copy of the Summons and Complaint. Doc. Nos. 5, 7. On June 8, 2009, Clerk's Entry of Default was entered against Defendant pursuant to Fed.R.Civ.P. 55(a). Doc. No. 8. On June 11, 2009, Defendant filed a Motion for Entry of a Default Judgment (the "Motion"). Doc. No. 9. Plaintiff requests that the Defendant be ordered to file the annual reports for 2003 through 2008 within thirty (30) days of the entry of judgment. *Id.* The Defendant has not appeared in this case, answered or responded to the Complaint, or filed a response to the Motion.

I.  **THE LAW**

    A.  **Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a) (emphasis added). Rule 55 (b)(2) further provides:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or an incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a

jury trial–when, to enter or effectuate judgment , it needs to:
    A) conduct an accounting;
    B) determine the amount of damages;
    C) establish the truth of any allegation by evidence; or
    D) investigate any other matter.

*Id*. The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

**B.**     **The Act**

Pursuant to 29 U.S.C. § 341(b):

> Every labor organization shall file annually with the Secretary a financial report signed by its president and treasurer or corresponding principal officers containing the following information in such detail as may be necessary accurately to disclose its financial condition and operations for its preceding fiscal year--
>     1) assets and liabilities at the beginning and end of the fiscal year;
>     2) receipts of any kind and the sources thereof;
>     3) salary, allowances, and other direct or indirect disbursements (including reimbursed expenses) to each officer and also to each employee who, during such fiscal year, received more than $10,000 in the aggregate from such labor organization and any other labor organization affiliated with it or with which it is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit that were rendered prior to October 1, 1981.

> affiliated, or which is affiliated with the same national or international labor organization;
> 4) direct and indirect loans made to any officer, employee, or member, which aggregated more than $250 during the fiscal year, together with a statement of the purpose, security, if any, and arrangements for repayment;
> 5) direct and indirect loans to any business enterprise, together with a statement of the purpose, security, if any, and arrangements for repayment; and
> 6) other disbursements made by it including the purposes thereof;
>
> all in such categories as the Secretary may prescribe.

29 U.S.C. §431(b). Section 437(b) provides that the financial report shall be filed "within ninety days" after the end of each fiscal year. 28 U.S.C. §437(b).[2] If the aforementioned provisions are violated, 29 U.S.C. § 440 states:

> [T]he Secretary may bring a civil action for such relief (including injunctions) as may be appropriate. Any such action may be brought in the district court of the United States where the violation occurred . . .

29 U.S.C. § 440.

## II. **APPLICATION**

After careful review of the Complaint and Motion filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Plaintiff's Complaint. The entry of default judgment is warranted. Defendant was properly served and has had numerous opportunities to appear and contest the claims, as well as the Motion now before the Court. However, Plaintiff's claims and Motion remain unopposed.

---

[2] 29 C.F.R. § 403.2(a) also provides: "Every labor organization shall, as prescribed by the regulations in this part, file with the Office of Labor-Management Standards within 90 days after the end of each of its fiscal years, a financial report signed by its president and treasurer, or corresponding principal officers."

Therefore, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Entry of a Default Judgment (Docket No. 9) be **GRANTED**;

2. The Court find that Defendant has violated the provisions set forth above in the Act;

3. The Court direct the Defendant to file its financial report for fiscal years 2003 through 2008;

4. The Defendant be permanently enjoined from violating any further provisions of the Act; and

3. the Clerk should be directed to enter judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 11, 2009.

Copies furnished to:
The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE